Filed 2/23/24  P. v. Pedraza CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>OSIRIS LENIN GARFIAS PEDRAZA,<br><br>   Defendant and Appellant. | G062015<br><br>(Super. Ct. No. 17NF2318)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed in part; reversed in part; remanded with directions.

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbansky and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

Osiris Lenin Garfias Pedraza appeals for the second time from the judgment convicting him of murder, following the trial court's refusal to strike a firearm enhancement after our remand from his first appeal.  Pedraza does not challenge the court's refusal to strike the firearm enhancement in this appeal.  Instead, he addresses amendments to Penal Code[1] section 186.22, enacted as part of Assembly Bill No. 333 (2021-2022 Reg. Sess.; Stats. 2021, ch. 699, §§ 1-5.) (Assem. Bill 333), which modify the requirements for proving gang enhancements.  He argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), those amendments apply retroactively to this nonfinal judgment and require reversal and retrial of the jury's true findings that he committed the murder for the benefit of a street gang.  The Attorney General counters the *Estrada* rule cannot apply in this case because the portion of Pedraza's judgment involving the gang enhancement became final after his first appeal.

We are not persuaded since, as discussed below, our Supreme Court has held that if any portion of a judgment remains open, that entire judgment qualifies as nonfinal for purposes of applying *Estrada*.

The Attorney General also argues that Assem. Bill 333's amendments to section 186.22 are unenforceable to the extent of the gang-murder enhancement under section 190.2, subdivision (a)(22), as they would unconstitutionally amend provisions of Proposition 21, passed by the voters in 2000.  Based on the Supreme Court's recent decision in *People v. Rojas* (2023) 15 Cal.5th 561 (*Rojas*), once again, as discussed in more detail below, we must disagree.

_____

[1]       All further statutory references are to this code.

Finally, Pedraza argues that Assem. Bill 333's addition of section 1109, which now requires that gang enhancements be bifurcated from substantive charges and litigated only if the defendant was convicted of the substantive crime, applies retroactively to this case under *Estrada*. As a result, he argues *Estrada* requires not only that his gang enhancements be vacated, but his conviction as well. This time we disagree. *Estrada* retroactivity applies to laws intended to ameliorate sentences; it does not apply to laws intended to affect the determination of guilt—which is the purpose of section 1109. While it is true that being acquitted of the charged crime is the ultimate sentencing amelioration, to apply *Estrada* in that way would result in a rule requiring that all criminal laws affording any new protection to the accused would necessarily be given retroactive effect. That is not what *Estrada* requires, and we reject the assertion.

**FACTS**

In July 2017, a member of a rival gang referred to Pedraza's gang in disparaging manner. The evidence at trial reflected that about 30 minutes later Pedraza returned with other members of his gang; he then shot the rival gang member, who died.

Pedraza was convicted of first degree murder, and the jury found true that (1) he intentionally killed the victim while he was an active participant in a criminal street gang and committed the murder to further the criminal activities of that gang (§ 190.2, subd. (a)(22); i.e., the gang-murder enhancement); (2) he committed his offense for the benefit of, at the direction of, and in association with, a criminal street gang and with the specific intent to promote, further, and assist in criminal conduct by members of that gang (§ 186.22, subd. (b)(4); i.e., the gang-murder special circumstance enhancement); (3) he personally discharged a firearm causing death (§ 12022.53, subd. (d)); and (4) he vicariously discharged a firearm causing death (§ 12022.53, subds. (d) & (e)(1)).

In January 2020, the trial court sentenced Pedraza to life without the possibility of parole for the murder with the gang-murder special circumstance and imposed a consecutive 25-years-to-life term for the personal discharge of a firearm enhancement. The court stayed the term for the gang-murder special circumstance enhancement and the vicarious arming enhancement.

Pedraza's first appeal resulted in a partial reversal and remand with instructions to reconsider striking the firearm enhancement. On remand, the trial court declined to strike the enhancement. While that case was on remand, Assem. Bill 333 became effective.[2]

## DISCUSSION

1. *Assem. Bill 333 and Retroactivity*

Effective January 1, 2022, Assem. Bill 333 significantly modified section 186.22. (See Stats. 2021, ch. 699, §§ 1–4; *People v. E.H.* (2022) 75 Cal.App.5th 467, 477.)

As the California Supreme Court explained in *People v. Tran* (2022) 13 Cal.5th 1169 (*Tran*): "Assembly Bill 333 made the following changes to the law on gang enhancements: First, it narrowed the definition of a 'criminal street gang' to require

---

[2] Pedraza acknowledges that the retroactive effect of Assem. Bill 333's statutory changes is an issue that could have been raised in the trial court on remand, but it was not. However, he argues that because there could be no satisfactory tactical reason for counsel to have failed to raise it, the omission qualified as ineffective assistance of counsel as a matter of law, and thus the issue can be raised for the first time on appeal. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009.) The Attorney General does not dispute the point. In any event, we exercise our discretion to review a pure issue of law raised for the first time on appeal. (*American Indian Health & Services Corp. v. Kent* (2018) 24 Cal.App.5th 772, 789; *Duran v. Obesity Research Institute, LLC* (2016) 1 Cal.App.5th 635, 646 ["As an exception to the general rule, the appellate court has discretion to consider issues raised for the first time on appeal where the relevant facts are undisputed and could not have been altered by the presentation of additional evidence"].)

that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§186.22, subd. (f), italics added.)  Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§186.22, subd. (f), italics added.)  Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§186.22, subd. (e)(1), (2).)  Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§186.22, subd. (g).)"  (*Tran,* at p. 1206, original italics.)

"Assembly Bill 333 [also] added section 1109, which requires, if requested by the defendant, a gang enhancement charge to be tried separately from all other counts that do not otherwise require gang evidence as an element of the crime.  If the proceedings are bifurcated, the truth of the gang enhancement may be determined only after a trier of fact finds the defendant guilty of the underlying offense.  (*Tran, supra*, 13 Cal.5th at p. 1206.)

*Estrada*, *supra*, 63 Cal.2d 740, established that a change in law that reduces punishment for a crime must be applied to all defendants whose judgments are not final: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new

lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Id.* at p. 745.)

        2.      *Application of Assem. Bill 333 to This Case*

The Attorney General agrees that *Estrada* requires that a change in law that ameliorates punishment for a crime must be applied retroactively to all defendants with "nonfinal judgments." He also agrees that Assem. Bill 333's amendments to section 186.22, which tighten the requirements for imposing sentence enhancements based on gang affiliation, are generally governed by that rule. (See *People v. Lopez* (2021) 73 Cal.App.5th 327, 344.) The Attorney General nonetheless contends the amendments cannot be retroactively applied in this case because "the jury's true findings on the gang-enhancement allegations had become final in 2021" when this court issued the remittitur following his first appeal. Therefore, the only portion of Pedraza'a judgment that remained nonfinal following that remittitur was whether the trial court should impose or strike the firearm enhancement. We disagree.

A judgment of conviction cannot be sliced and diced to assess its finality for purposes of the retroactive application of an ameliorative change under *Estrada*. Our Supreme Court has held there is only one '"judgment of conviction"' for purposes of *Estrada* retroactivity, and it includes both the adjudication of guilt and the sentence. If any aspect of that judgment is not final, then the judgment is not final for purposes of *Estrada* retroactivity. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46 (*McKenzie*).)

In *McKenzie*, the Supreme Court rejected the argument made here by the Attorney General: "the People assert, the *original* 2014 order granting defendant

probation was 'a final judgment for purposes of filing an appeal,' and that judgment—which included defendant's 'underlying conviction' and 'the admissions to prior convictions that qualified [him] for enhanced sentencing'—became 'final for *Estrada* purposes . . . when the time to appeal from the . . . order passed, well before the Legislature amended the enhancement statute.' Defendant therefore is not entitled to 'retroactive application' of the statutory revisions." (*McKenzie, supra*, 9 Cal.5th at p. 46.) The Supreme Court explained that "[t]he People's arguments fail under our precedents [because] the People err by assuming that when we used the phrase 'judgment of conviction' in *Estrada*, *supra*, 63 Cal.2d at page 744, we were referring only to 'underlying' convictions and enhancement findings, exclusive of sentence. In criminal actions, the terms 'judgment' and '"sentence"' are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence [citation]." (*McKenzie*, at p. 46.)

Without acknowledging *McKenzie*, the Attorney General relies on language in *People v. Padilla* (2022) 13 Cal.5th 152, 169-170 (*Padilla*)—a case which addresses the retroactive effect of a law which requires that criminal cases against minors be initiated in juvenile court subject to a later transfer hearing—for the proposition that *Estrada* retroactivity can affect only the "nonfinal" part of a judgment: "Whatever potential that hearing may have for reducing his punishment (the nonfinal part of his judgment), it does not authorize or constitute relitigation of guilt." (*Id*. at p. 170.) But in our view, and consistent with *McKenzie*, the more precise distinction the Supreme Court draws in *Padilla* appears just before the language the Attorney General emphasizes, i.e., "the right and remedy we recognize today does not allow Padilla to raise claims *unrelated to his sentence*." (*Id*. at p. 169, italics added.) That distinction is also consistent with *Estrada* itself, which established a rule of retroactivity for laws which ameliorate punishment rather than guilt. (See *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307.)

7

When we apply that guilt versus sentencing analysis here, we conclude *Estrada* does retroactivity apply to this case because gang enhancements, like all other enhancements, relate to sentencing.

3.    *Application of Assem. Bill 333 to the Gang-Murder Enhancement*

The Attorney General also asserts that even if Assem. Bill 333's amendment of section 186.22 would be otherwise applicable, it is unenforceable to the extent of the gang-murder special circumstance under section 190.2.  The Attorney General argues that if applied to that enhancement, it amounts to an unconstitutional amendment of Proposition 21.

The Supreme Court has now resolved that issue in *Rojas, supra,* 15 Cal.5th 561:  "We hold that the application of Assembly Bill 333 to the gang-murder special circumstance does not violate the limitation on legislative amendment in Proposition 21." (*Rojas,* at p. 566.)  We are bound by that ruling.

4.    *Retroactivity of Section 1109's Requirement of Bifurcation*

Pedraza's final contention is that section 1109, which was also added by Assem. Bill 333 and requires the court to bifurcate the adjudication of the defendant's guilt from the determination of any gang enhancements, must also be applied retroactively to this case.[3]  (See *People v. Burgos* (2022) 77 Cal.App.5th 550, 568,

---

[3]    Section 1109 provides:  "(a) If requested by the defense, a case in which a gang enhancement is charged under subdivision (b) or (d) of Section 186.22 shall be tried in separate phases as follows:  [¶]  (1) The question of the defendant's guilt of the underlying offense shall be first determined.  [¶]  (2) If the defendant is found guilty of the underlying offense and there is an allegation of an enhancement under subdivision (b) or (d) of Section 186.22, there shall be further proceedings to the trier of fact on the question of the truth of the enhancement. Allegations that the underlying offense was committed for the benefit of, at the direction of, or in association with, a criminal street gang and that the underlying offense was committed with the specific intent to promote, further, or assist in criminal conduct by gang members shall be proved by direct or circumstantial evidence.  [¶]  (b) If a defendant is charged with a violation of subdivision (a) of Section 186.22, this count shall be tried separately from all other

8

review granted and briefing deferred July 13, 2022, S274743 (*Burgos*).) Pedraza argues the new statute requires the court to not only reverse his gang enhancements, but his murder conviction as well, and to remand the case to the trial court for retrial on both issues. This time we are not persuaded.

The Attorney General argues that the portion of Assem. Bill 333 adding section 1109 is not retroactive because it is a procedural change, not intended to ameliorate the punishment. This issue is also pending before our Supreme Court. (See *People v. Ramirez* (2022) 79 Cal.App.5th 48, review granted and briefing deferred Aug. 17, 2022, S275341 [section 1109 is not retroactive]; *Burgos, supra*, 77 Cal.App.5th 550, rev.gr. [section 1109 is retroactive].)

Although other aspects of Assem. Bill 333 are intended to restrict the circumstances in which gang enhancements can be applied, there is no indication that the bifurcation requirement it created in section 1109 had the same purpose. To the contrary, the Legislature's findings in support of Assem. Bill 333 suggest its concern was that presenting the jury with evidence of the defendant's gang affiliation could have a prejudicial effect on the jury's determination of guilt on the substantive charge.

*Burgos* acknowledges the same point: "The findings further establish that the bifurcation of gang enhancements at trial is intended to ameliorate the prejudicial impact of trying enhancements together with the offense. 'Bifurcation of trials where gang evidence is alleged can help reduce its harmful and prejudicial impact.' [Citation.] 'Gang enhancement evidence can be unreliable and prejudicial to a jury because it is lumped into evidence of the underlying charges which further perpetuates unfair prejudice in juries and convictions of innocent people.' [Citation.] 'California courts have long recognized how prejudicial gang evidence is. [Citation.] Studies suggest that

_____

counts that do not otherwise require gang evidence as an element of the crime. This charge may be tried in the same proceeding with an allegation of an enhancement under subdivision (b) or (d) of Section 186.22."

9

allowing a jury to hear the kind of evidence that supports a gang enhancement before it has decided whether the defendant is guilty or not may lead to wrongful convictions. [Citations.]'" (*Burgos, supra*, 77 Cal.App.5th at pp. 566-567, rev.gr.) We agree with the view that bifurcation is intended to eliminate the possibility that gang evidence could prejudice the jury's evaluation of guilt.

*Burgos* then goes on to explain why the goal of protecting the neutrality of the jury's assessment of guilt is nonetheless entitled to retroactive effect under *Estrada*: "one of the ameliorative effects of bifurcation is that some defendants will actually be *acquitted* of the underlying offense absent the prejudicial impact of gang evidence. This increased possibility of acquittal—which necessarily reduces possible punishment—is sufficient to trigger retroactivity under the *Estrada* rule." (*Burgos, supra,* 77 Cal.App.5th at p. 567, rev.gr.)

But this is where we part company with *Burgos*. While it is true that being found not guilty of a crime could be viewed as the ultimate amelioration of the defendant's potential punishment, applying *Estrada* in that way would mean *any* amendment to the criminal law which benefits the accused in any way would be deemed automatically retroactive. The Supreme Court has never created such a sweeping rule. As we have already noted, its recent decision in *Padilla, supra,* 13 Cal.5th 152, stated that the retroactive "right and remedy we recognize today does not allow Padilla to raise claims *unrelated to his sentence*." (*Id*. at p. 169, italics added.) Applying that rule here, we conclude that because Pedraza's right to bifurcate the trial of guilt from the determination of gang enhancements is intended to affect the determination of guilt, it is not retroactive under *Estrada*.

## DISPOSITION

The judgment is reversed in part. We vacate the true findings under sections 186.22, subdivision (b), and 190.2, subdivision (a)(22), and remand the

10

matter to the trial court to afford the prosecution the opportunity to retry these allegations in conformance with the current law.  The remainder of the judgment is affirmed.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

11